IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES FRANKLIN MCDANIEL, <br><br> Plaintiff <br><br> VS. <br><br> WARDEN SCHOFIELD, *et al.*, <br><br> Defendants | NO. 5:05-CV-327 (CAR) <br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

On June 9, 2006, the defendants filed a motion seeking summary judgment against the plaintiff in the above-styled case. Tab #23. The motion is accompanied by numerous exhibits and affidavits, as well as a supporting brief, a Statement of Undisputed Material Facts, and the deposition of the plaintiff. Tabs #24, #25, and #27. On June 13, 2006, the undersigned directed the plaintiff to file a response to the motion within thirty days of receipt of that order. Tab #30. The plaintiff failed to respond to that order, and on January 24, 2007, the undersigned issued an order directing the plaintiff to show cause why his case should not be dismissed for failure to prosecute the action. Tab #31. The plaintiff filed a response to the court's January 24th order. Tab #32.

The plaintiff's response to the court's order to show cause is more of an impassioned plea than it is a legal "response." It is not accompanied by any evidence in support of his claim and does not specifically refute any of the arguments contained in the defendants' MOTION FOR SUMMARY JUDGMENT. The plaintiff has therefore provided no evidence on his behalf other than his pleadings and his deposition testimony (Tab #27).

# SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**DISCUSSION**

Although the court must view all evidence in the light most favorable to the plaintiff, as stated above, plaintiff MCDANIEL has failed to provide either a legal response to defendant's MOTION FOR SUMMARY JUDGMENT or a statement of disputed facts. Accordingly, the only evidence upon which this court can rely in ruling on the defendants' motion comes from the defendants' pleadings and exhibits and the plaintiff's deposition.

The plaintiff alleges that the defendants acted with deliberate indifference to his serious needs in violation of the Eighth Amendment. His claims are centered around the allegations that since his incarceration began, the defendant doctors refused to adequately treat the pain associated with the plaintiff's fibromyalgia and sarcoidosis. Before his incarceration, the plaintiff's pain had been treated with methadone, a highly addictive, Schedule 2 narcotic. Affidavit of Dr. Hale Burnside, Tab #23 at ¶47.

The defendants have provided affidavits from both Doctors Burnside and Dr. Fowlkes demonstrating that there were justifiable medical and penological reasons for taking the plaintiff off of methadone and that the medical staff has made many efforts to control the plaintiff's pain by use of other drugs that are not as addictive as methadone. Affidavits of Dr. Hale Burnside and Dr. Joseph Fowlkes, Tabs #23-1 and #23-9. The safer medications that were prescribed for the plaintiff include Neurontin, Hydroxyzine, acetaminophen, Tylenol 3, Toradol, Percogesic, Darvocet, Indomethacin, Disalcid, Untracet, Vistrail, Baclofen, Excedrin migraine, Voltaren, Elavil, Phenylgesic, and Robaxin.

The defendants have provided the court with the medical history of the plaintiff (Exhibits to the Affidavits of Dr. Burnside and Dr. Fowlkes, Tab #23) which indicates that the plaintiff has been given constant,[1] adequate medical care, including treatment by pain specialists. *See* Affidavit of Dr. Fowlkes, Tab #23-9 at ¶57. While it is unfortunate that the prison medical staff could not control the plaintiff's pain, what the plaintiff has asserted is merely a disagreement in his treatment regimen, which does not constitute an Eighth Amendment violation. ***Estelle v. Gamble***, 429 U.S. 97 (1976).

The evidence in the record shows that the plaintiff received constant, adequate care and that the plaintiff's constitutional rights were not violated by the defendants. Therefore no deprivation of plaintiff's rights under 42 U.S.C. §1983 has been established, and IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #23) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 26th day of FEBRUARY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The defendants' brief cites that the plaintiff was seen in medical more than seventy (70) times between July 2, 2004 and June 10, 2005.